**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARINA GROUP LLC, <br><br> Plaintiff, <br><br> v. <br><br> SHIRLEY MAY INTERNATIONAL US INC., *et al.*, <br><br> Defendants. | Case No. 2:21-cv-18733 (BRM) (MAH) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendants Shirley May International US Inc. ("SMIUS"), Shirley May International FZE ("SMIFZE"), and Swiss Arabian Perfumes Industry L.L.C.'s ("Swiss Arabian") (collectively, "Defendants") Motion for Reconsideration. (ECF No. 74). Defendants seek reconsideration of the Court's Order and Opinion (ECF Nos. 69, 70) granting in part and denying in part Defendants' Motion to Dismiss (ECF No. 51) Plaintiff Marina Group LLC's ("Marina Group") First Amended Complaint ("FAC") (ECF No. 36). Marina Group filed an Opposition. (ECF No. 81.) Defendants filed a Reply. (ECF No. 82.) Having reviewed the submissions filed in connection with the Motion, and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, Defendants' Motion for Reconsideration is **DENIED**.

1

## I. BACKGROUND

### A. Factual Background

The underlying facts are set forth at length in the Court's December 13, 2022 Opinion (ECF No. 69), from which Defendants seek reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

### B. Procedural Background

On March 21, 2022, Marina Group filed the FAC, asserting causes of action for: (1) Conversion; (2) Breach of Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; (4) Tortious Interference with Contract; (5) Tortious Interference with Prospective Economic Advantage; and (6) Copyright Violation. (ECF No. 36.) Defendants filed a Motion to Dismiss for failure to state a claim, and pursuant to the forum selection clause (ECF No. 51), contained in the subject Bill of Lading ("BoL"), stating:

> Except as otherwise provided specifically herein any claim, dispute, suit or proceeding arising under this Bill of Lading and/or the contract between Carrier and the booking party shall be governed by German law and shall be determined exclusively in the Hamburg courts. Carrier shall have the option to file a suit at Merchant's place of business.

(ECF No. 51-3.) Marina Group filed an Opposition and Defendants filed a Reply. (ECF Nos. 52, 53.)

On December 13, 2022, this Court granted Defendants' Motion to Dismiss as to Marina Group's breach of contract, breach of implied covenant, and copyright violation claims, without prejudice and with leave to amend, but denied the motion as to the remaining counts. (ECF No. 70.) Defendants filed this Motion for Reconsideration on January 23, 2023, asking this Court to reconsider its denial of their Motion to Dismiss Marina Group's FAC, specifically Marina Group's conversion claim, pursuant to the forum selection clause. (ECF No. 74.) Marina Group filed an

Opposition on February 13, 2023 (ECF No. 81), and Defendants filed a Reply on February 27, 2023 (ECF No. 82).

## II.  LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i); see also *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct

a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

### III. DECISION

Defendants argue the Court should reconsider its ruling regarding the forum selection clause to "correct a clear error" because the Court overlooked that: (1) the distributorship agreement was not a contract for the goods placed in the April 21 Order; and (2) Marina Group's

4

claims "arise under" and Marina Group sought to "benefit from" the BoL. (ECF No. 74.) Marina Group responds: (1) motions for reconsideration should be granted sparingly; (2) Defendants failed to identify any dispositive facts or controlling law the Court overlooked; and (3) Defendants did not raise arguments under N.J.S.A. § 12A:7-303 or § 12A:7-504(c) in the original motion and therefore, cannot raise those arguments on their motion for reconsideration. (ECF No. 81.) Defendants argue Marina Group advanced an improper standard for reconsideration in its opposition and reiterates that the Court should reconsider its ruling regarding the forum selection clause and grant Defendants' Motion to Dismiss as to Marina Group's conversion claim. (ECF No. 82.)

In its December 13, 2022 Opinion, the Court rejected Defendants' arguments for dismissal pursuant to the forum selection clause of the BoL, explaining that Marina Group's causes of action "stemm[ed] from and relat[ed] to its distributorship agreement with Swiss Arabian," and not the BoL or any shipping contract between SMIFZE and non-party Hapag-Lloyd. (ECF No. 69 at 8–11.) The Court reasoned that Marina Group was entitled to a shipment of goods, which it paid for in full, pursuant to the distributorship agreement between the parties, and not pursuant to a BoL between SMIFZE and a non-party, of which Marina Group was not a signatory. (*Id.*) Therefore, the Court concluded, after thoroughly examining the available facts and discussing applicable case law, that Marina Group's causes of action were not subject to the forum selection clause. (*Id.*)

Defendants' Motion for Reconsideration relates exclusively to Marina Group's conversion claim. To sufficiently allege a cause of action for conversion under New Jersey law, a plaintiff must demonstrate "that the property and right to immediate possession thereof belong to the plaintiff and [there is a] wrongful act of interference with that right by the defendant." *Meisels v. Fox Rothschild LLP*, 222 A.3d 648, 654–55 (N.J. 2020); *see also Reddy v. Patel*, No. 16-8256,

5

2017 WL 1709595, *4 (D.N.J. May 1, 2017). In their Motion for Reconsideration, Defendants neither contend there has been a change in controlling law, nor that new evidence is available. Instead, Defendants contend the Court's decision to deny their Motion to Dismiss Marina Group's conversion claim was a "clear error of law or fact," which requires they show the "record cannot support the findings that led to the ruling." *See ABS Brokerage Servs.*, 2010 WL 3257992, at *6. Defendants have failed to meet that burden.

First, Defendants' argument that Marina Group's conversion claim "arises under" the BoL, and not the distributorship agreement, requiring application of the forum selection clause, fails. In the FAC, Marina Group alleged it "placed an order with [Swiss Arabian] for a variety of . . . products valued at . . . a total . . . of $101,688.89" in April 2021 (ECF No. 36 ¶ 28), but the goods were not delivered to Marina Group as agreed (*id.* ¶ 36). Instead, "Swiss Arabian Perfumes Group diverted [the] shipment of Swiss Arabian products . . . while it was in transit to Marina Group" (*id.* at ¶ 26), "after Marina Group paid in full for the goods" (*id.* ¶ 27). The April 2021 Order was placed while Marina Group was functioning as Defendants' "exclusive United States distributor."[1] (*Id.* at 12.)

It is clear from the record that Marina Group sufficiently stated a cause of action for conversion by alleging it paid for goods in full and Defendants diverted those goods in transit to its own United States affiliate, denying Marina Group access to those goods. It also clear from the record, and this Court did not err in holding, that Marina Group's right to those goods did not arise out of Defendants' separate and subsequent agreement with Hapag-Lloyd to ship the goods, but

---

[1] The FAC recognizes that while Marina Group served as Swiss Arabian's exclusive distributor in the United States for a number of years (ECF No. 36 ¶ 11), the arrangement was never reduced to a single written agreement; rather, it was developed over time (*id.* ¶ 12). This agreement resulted in Marina Group's placement of the April 2021 order. (*Id.* ¶ 28.)

6

from whatever arrangement relating to the parties' distributorship agreement allowed for Marina Group's order and purchase of Defendants' products. Therefore, the Court did not commit a clear error of law or fact in finding Marina Group's conversion claim did not arise under the BoL, and Defendants' Motion for Reconsideration as to this issue is denied. *See ABS Brokerage Servs.*, 2010 WL 3257992, at *6 ("[A] party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed.").

Similarly, the Court did not err by rejecting Defendants' argument that Marina Group sought to benefit from the BoL's terms by attaching the BoL to the FAC, referencing it as an exhibit, and alleging the diversion of the shipment while in transit was wrongful. (ECF No. 82 at 2-4.) Defendants fail to explain how it was an error of fact or law for the Court to find below:

> Marina Group's reference to the BoL [in the FAC] or to the alleged issues with the shipment does not change that Marina Group had rights to the shipment by way of the distributorship agreement and Defendants had an obligation to provide the shipment pursuant to that agreement. Because Marina Group was not a signatory of the BoL and did not sue pursuant to the BoL, but instead, pursuant to its distributorship agreement with Defendants, the Forum Selection Clause in the BoL between SMIFZE and Hapag-Lloyd does not apply to mandate a transfer of this matter to the Hamburg Courts.

(ECF No. 69 at 11.) Instead, Defendants improperly raise the same arguments they did in their Motion to Dismiss. *See P. Schoenfeld*, 161 F. Supp. 2d at 352 (explaining a motion for reconsideration "may not be used to re-litigate old matters"). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352). Accordingly, Defendants' arguments fail to meet the exacting standard for reconsideration and their motion is denied.

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' Motion for Reconsideration (ECF No. 74) of the Court's December 13, 2022 Order and Opinion (ECF Nos. 69, 70) is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  August 7, 2023