<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARINA GROUP LLC, <br><br> Plaintiff, <br><br> v. <br><br> SHIRLEY MAY INTERNATIONAL US INC., *et al.*, <br><br> Defendants. | Case No. 2:21-cv-18733 (BRM) (MAH) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is an appeal by Defendants Shirley May International US, Inc. ("Shirley May US"), Shirley May International FZE ("Shirley May International"), and Swiss Arabian Perfumes Industry, LLC ("Swiss Arabian") (collectively, the "Shirley May Parties") (ECF No. 94)[1] of Magistrate Judge Michael A. Hammer's November 17, 2024 Order (ECF No. 90)[2] reopening discovery. On December 19, 2023, Plaintiff Marina Group, LLC ("Plaintiff") filed an opposition. (ECF No. 95.) On December 26, 2023, the Shirley May Parties filed a reply. (ECF No. 99.) Having reviewed the submissions filed in connection with the appeal and having declined to hold oral

---

[1] The motion was titled as "objections to reopening of discovery," which the Court construes as an appeal of a magistrate judge decision. Additionally, ECF No. 94 is a "corrected" version of ECF No. 93. Therefore, ECF No. 93 is administratively terminated, and the Court will reference ECF No. 94 only.

[2] ECF Nos. 90 and 91 are duplicates, as clarified by a clerk's quality control message on November 21, 2023. The Shirley May Parties note their "arguments apply with equal force" to both. (ECF No. 94 at 1 n.1.) For ease of reference, the Court references ECF No. 90 only.

1

argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, the Shirley May Parties' appeal (ECF No. 94) is **DENIED** and Judge Hammer's Order (ECF Nos. 90) is **AFFIRMED**.

**I.     BACKGROUND**

This matter has been ongoing since October 2021. Accordingly, the Court will only address the procedural history associated with this appeal.

Plaintiff brought this action against the Shirley May Parties for damages allegedly caused by a diverted shipment of perfumes and other related products before the 2021 holiday season. (ECF No. 92 ¶¶ 29, 42.) The relationship between Plaintiff and the Shirley May Parties began in 2017, when Swiss Arabian appointed Plaintiff as its exclusive distributor in the United States. (*Id.* ¶ 11.) The distribution agreement was not reduced to a single writing. (*Id.* ¶ 12.) Swiss Arabian did, however, acknowledge Plaintiff as its "representative office in United States [sic] of America" in a letter to a potential product purchaser on February 21, 2021. (*Id.* ¶ 13; Ex. A.)

After over two years of litigation, on October 25, 2023, Judge Hammer ordered Plaintiff and the Shirley May Parties to jointly report on and propose "dates for the remaining tasks in this litigation." (ECF No. 85.) A week later, on November 1, 2023, Plaintiff individually filed a proposed scheduling order regarding several remaining discovery disputes. (ECF Nos. 86, 86-1 at 1–2.) The following day, November 2, 2023, the Shirley May Parties individually filed a letter, noting discovery had been closed "in this case . . . for nearly a year," and that Plaintiff had "made no motion to reopen discovery, nor . . . shown any cause to reopen discovery—let alone good cause." (ECF No. 87 at 1, 2.) The Shirley May Parties' letter did not address the remaining tasks—if any—noted in Judge Hammer's October 25, 2023 Order.

On November 6, 2023, Judge Hammer reminded the parties he had specifically ordered them to file "a JOINT status report and proposed dates for the remaining litigation tasks in this matter." (ECF No. 88.) On November 16, 2023, Plaintiff filed the parties' joint report and proposal for the remaining tasks. (ECF No. 89.) The Shirley May Parties' opposition was acknowledged in the joint letter. (ECF No. 89 at 1.) On November 17, 2023, Judge Hammer issued the now-contested Amended Scheduling Order. (ECF No. 90.)

## II.   LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Similarly, this Court's Local Rules provide "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days" and the district court "shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A).

A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the District Court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, Civ. A. No. 03-6225, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a

magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petrol. Ltd. v. Empers. Mut. Liab. Ins. Co.*, Civ. A. No. 84–97, 131 F.R.D. 63, 65 (D.N.J. 1990) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, Civ. A. No. 04-4714, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, Civ. A. No. 95-438, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

### III. DECISION

It is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues." *Gerald Chamles Corp. v. Oki Data Americas, Inc.*, Civ. No. 07-1947, 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007). "Particularly in discovery motions, a Magistrate Judge's Order is entitled to great deference in this District, since the Magistrate Judges have full authority to manage the civil cases and to determine all such matters of discovery and case management." *Pub. Interest Research Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1525, 1546 (D.N.J. 1993), *aff'd in part, rev'd in part on other grounds*, 50 F.3d 1239 (3d Cir. 1995). "District courts have especially great latitude to reopen the record when a case is not [yet] tried to a jury." *Bistrian v. Levi*, 448 F. Supp. 3d 454, 483 (E.D. Pa. 2020). Such deference is appropriate when the magistrate judge has been managing the matter from the outset and developed a thorough knowledge of the proceedings and history. *Pub. Interest Research Grp. of N.J.*, 830 F. Supp. at 1547.

In support of their appeal, the Shirley May Parties argue they suffered improper delay and raise considerations of judicial economy. However, this Court does not find that the delay, in light of the several discovery disputes contemporaneous with Judge Hammer's November 17, 2023 Order (ECF No. 89; Ex. A at 4–6; ECF No. 90 at 2 n.1), amounts to injustice. Indeed, Judge Hammer sought to avoid further delay and noted it would "not be in the interest of judicial economy" to delay reopening discovery. (ECF No. 90 at 2 n.1.)

To the extent the Shirley May Parties argue Judge Hammer mischaracterized their position that "it would be inappropriate to reopen discovery" as an affirmative request to stay discovery (ECF No. 94 at 5–6 (citing ECF No. 89)), and denied the "request," the Court is not persuaded that the order was clearly erroneous or contrary to law. Despite no motion pending, the Shirley May Parties' position was that discovery should not be reopened. The effect of Judge Hammer's Amended Scheduling Order was to proceed with discovery over the Shirley May Parties' objection. Because "[m]agistrate [j]udges have broad discretion to manage their docket and to decide discovery issues," *Gerald Chamles Corp.*, Civ. No. 07-1947, 2007 WL 4789040, at *1, and because "[d]istrict courts have especially great latitude to reopen the record when a case is not [yet] tried to a jury," *Bistrian*, 448 F. Supp. 3d at 483, Judge Hammer was well within his authority to reopen discovery and amend discovery deadlines.

These circumstances do not leave this Court "with the definite and firm conviction that a mistake has been committed." *Dome Petrol. Ltd.*, 131 F.R.D at 65. Accordingly, the Shirley May Parties fail to show that Judge Hammer's order was clearly erroneous or was contrary to law, *see* L. Civ. R. 72.1(c)(1)(A), and the Amended Scheduling Order is **AFFIRMED**.

## IV. CONCLUSION

For the reasons set forth above, the Shirley May Parties' appeal (ECF No. 94) is **DENIED** and Judge Hammer's November 17, 2023 Order (ECF No. 90) is **AFFIRMED**.

Date: July 31, 2024                                          */s/ Brian R. Martinotti*
                                                             **HON. BRIAN R. MARTINOTTI**
                                                             UNITED STATES DISTRICT JUDGE